John Paul Stanford
Quilling, Selander, Lownds, Winslett & Moser P.C.
2200 Ross Street, Suite 2400
Dallas, Texas 75201
(214) 871-2100 – Telephone
(214) 871-2111 – Facsimile

Attorneys for Newtek.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 26-40606-11 |
| | § | |
| ER OF TEXAS, LLC, et al,[1] | § | Chapter 11 |
| *et al.* | § | |
| | § | (Jointly Administered) |
| DEBTORS. | § | |

### LIMITED OBJECTION TO AUTHORIZATION OF USE OF CASH COLLATERAL

NBL SPV II, LLC, by assignment from Newtek Business Services Holdco 6, Inc. **("Newtek")** files this, its limited objection to *Debtor's Motion for Entry of Interim and Final Orders (i) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. 363, (ii) Granting Adequate Protection to Prepetition Secured Parties, (iii) Scheduling a Final Hearing, and (iv) Granting Related Relief* [Docket #7] and in support thereof, respectfully shows the court as follows:

1.      Newtek holds a valid and perfected security interest in substantially all assets of ER of Texas, LLC (the "Debtor"), including accounts receivable, inventory, equipment, and other collateral that constitutes cash collateral under 11 U.S.C. § 363(a).

---

[1] The Debtors and debtors in possession are ER of Texas, LLC (EIN: 85-1751319); ER of Texas Colleyville, LLC (EIN: 87-1585575); ER of Texas Frisco, LLC (EIN: 85-1820777); ER of Texas Highland Village, LLC (EIN: 85-1794491); ER of Texas Hillcrest LLC (EIN: 87-1552062); ER of Texas Hurst, LLC (EIN: 87-1558323); ER of Texas Little Elm, LLC (EIN: 85-1778208); ER of Texas Texoma, LLC (EIN: 87-1558137); ER of Texas Uptown, LLC (EIN: 87-1651640); MedOPs Staffing, LLC (EIN: 83-4637945); and PERT, PLLC (EIN: 85-3330746). The mailing address of the debtors is 2800 Little Elm Parkway, Little Elm, Texas 75068.

2.      The Debtor seeks authority to use Newtek's cash collateral to fund its ongoing operations during this Chapter 11 case. While Newtek does not oppose the Debtor's limited use of cash collateral for necessary business operations, Newtek's consent is expressly conditioned upon the provision of adequate protection as set forth herein.

3.      On March 25, 2025, Newtek Business Services Holdco 6, Inc. ("Holdco 6") extended credit to the Debtor in the original principal amount of $15,000,000.00 pursuant to a Promissory Note (Loan No. 2737814), Commercial Security Agreement, and related loan documents (collectively, the "Loan Documents").

4.      Contemporaneously with the execution of the Loan Documents, Holdco 6 assigned and transferred the Promissory Note to NBL SPV II, LLC ("NBL SPV") by Allonge dated March 25, 2025, endorsed "Pay to the order of NBL SPV II, LLC, Without Recourse."

5.      Holdco 6 also assigned to NBL SPV all of its right, title, and interest in the Commercial Security Agreement dated March 25, 2025, by Assignment of Commercial Security Agreement, the Deeds of Trust and Assignments of Rents affecting real property located at 2800 Little Elm Parkway, Little Elm, Texas (Denton County Instrument No. 37011 and 37013, recorded April 9, 2025) and 3160 Justin Road, Highland Village, Texas (Denton County Instrument No. 37014, recorded April 9, 2025).

6.      To secure repayment of the loan obligations, the Debtor granted a first-priority security interest in substantially all of its assets, including all inventory, equipment, accounts (including health-care-insurance receivables), chattel paper, instruments, deposit accounts, investment property, general intangibles (including software and payment intangibles), fixtures, and all proceeds thereof (the "Collateral").

7.      The security interests were properly perfected by filing UCC-1 Financing Statements with the appropriate filing offices and by recording Deeds of Trust in Denton County, Texas.

8.      As of the Petition Date, the Debtor owed approximately $14,942,637.75 in principal, plus accrued interest at a variable rate (initially 13.560% per annum), together with fees and costs.

9.      A substantial portion of the Debtor's assets constitute cash collateral as defined in 11 U.S.C. § 363(a), including cash proceeds from accounts receivable and ongoing business operations.

10.      Section 363(e) of the Bankruptcy Code provides that on request of an entity that has an interest in property used by the trustee or debtor-in-possession, the Court shall prohibit or condition such use as is necessary to provide adequate protection of such interest.

11.      The use of Newtek's cash collateral necessarily results in a diminution of Newtek's interest in its collateral and exposes Newtek to the risk of decline in value of the collateral.

12.      To protect Newtek's interest in its collateral from diminution during the Debtor's use of cash collateral, Newtek requires adequate protection in accordance with 11 U.S.C. § 361.

11. Newtek's limited objection is premised upon the following required adequate protection:

**Replacement Liens**: Newtek shall receive replacement liens in all post-petition assets of the Debtor of the same type and nature as the pre-petition collateral, including all accounts receivable, inventory, equipment, cash, and proceeds thereof, to the same extent, validity, and priority as Newtek's pre-petition security interests.

**Adequate Protection Payments**: The Debtor shall pay to Newtek monthly adequate protection payments in the amount of $178,493.61, equivalent to the regular monthly payment under the Loan Documents. Such payments shall be made on or before the fifth day of each month (consistent with the payment schedule under the Promissory Note requiring payments on the 5th day of each month), commencing on the first such date following entry of the Cash Collateral Order, and continuing for so long as the Debtor uses Newtek's cash collateral.

**Budget Compliance**: The Debtor shall operate within the budget approved by the Court and provide Newtek with weekly reporting of cash receipts, disbursements, and variance reports.

3

**Insurance**: The Debtor shall maintain adequate insurance coverage on all collateral, with Newtek named as loss payee and additional insured as its interests may appear.

**No Priming**: No liens or claims shall be granted priority over or equal to Newtek's liens without Newtek's express written consent.

**Professional Fees**. The Debtor shall pay, in accordance with the Budget, the reasonable and documented fees, costs and expenses of counsel to Newtek incurred in connection with the Chapter 11 cases.

13.     The adequate protection requested herein is reasonable and necessary to protect Newtek's interest in its collateral from diminution in value during the Debtor's use of cash collateral.

14.     The monthly adequate protection payment of $178,493.61 represents the contractual payment amount provided in the Promissory Note dated March 25, 2025, for principal and interest payments over the 25-year term of the loan (299 monthly payments of $178,493.61 plus a final irregular payment). This amount is reasonably calculated to compensate Newtek for the depreciation of its collateral, the time value of money, the opportunity cost of its continued extension of credit, and the ongoing accrual of interest at the variable rate of 13.560% per annum (subject to adjustment every five years based on the 5-Year Treasury Rate plus a 9.500% margin).

15.     Replacement liens are necessary to ensure that Newtek maintains its secured position in post-petition assets that replace or substitute for the pre-petition collateral being consumed through the Debtor's operations.

16.     Without adequate protection, Newtek will suffer irreparable harm through the diminution of its collateral value while the Debtor operates its business using Newtek's cash collateral.

**WHEREFORE, PREMISES CONSIDERED**, Newtek Bank respectfully requests that the Court grant this Limited Objection and condition any order authorizing the Debtor's use of cash collateral upon the provision of adequate protection to Newtek as set forth herein, specifically

including replacement liens and monthly adequate protection payments of $178,493.61, and for such

other and further relief to which Newtek may be justly entitled

Respectfully submitted,

**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2200 Ross Street, Suite 2400
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
jstanford@qslwm.com

By:    */s/ John Paul Stanford*
    John Paul Stanford
    Texas Bar No. 19037350
    Rian Nealon
    Texas Bar No. 24149243

ATTORNEYS FOR NEWTEK

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, a true and correct copy of the foregoing was filed using the CM/ECF system for filing and the transmittal of a notice of electronic filing to all CM/ECF registrants listed for this matter, including counsel for the Debtor and the United States Trustee.

Richard G. Grant
CM LAW, LLP
NATIONAL LITIGATION SUPPORT CENTER
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240

    */s/ John Paul Stanford*
    John Paul Stanford