Craig Solomon Ganz Texas Bar No. 24127203
GanzC@ballardspahr.com
Joel F. Newell Texas Bar No. 24137409
NewellJ@ballardspahr.com
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004
Telephone: (602) 798-5400
Facsimile: (602) 798-5595
**ATTORNEYS FOR SCF RC FUNDING IV, LLC**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | (Chapter 11) |
| | § | |
| ER OF TEXAS, LLC, et al.,[1] | § | Lead Case No. 26-40606 |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |

**MOTION OF SCF RC FUNDING IV, LLC FOR AN ORDER COMPELLING ER OF TEXAS HURST, LLC THE IMMEDIATE PAYMENT OF POST-PETITION RENT PURSUANT TO 11 U.S.C. § 365(D)(3) AND ALLOWING AND DIRECTING THE IMMEDIATE PAYMENT OF ITS ADMINISTRATIVE EXPENSE**

> **PLEASE TAKE NOTICE this is a Motion to Compel the Immediate Payment of Post-Petition Rent Pursuant To 11 U.S.C. § 365(D)(3) And Allowing and Directing The Immediate Payment Of its Administrative Expense.**
>
> **IF YOU OBJECT TO THE REQUESTED RELIEF, YOU MUST RESPOND IN WRITING. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ no more than twenty-four (24) days after the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than twenty-four (24) days after the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

---

1 The debtors and debtors in possession are ER of Texas, LLC (EIN: 85-1751319); ER of Texas Colleyville, LLC (EIN: 87-1585575); ER of Texas Frisco, LLC (EIN: 85-1820777); ER of Texas Highland Village, LLC (EIN: 85-1794491); ER of Texas Hillcrest LLC (EIN: 87-1552062); ER of Texas Hurst, LLC (EIN: 87-1558323); ER of Texas Little Elm, LLC (EIN: 85-1778208); ER of Texas Texoma, LLC (EIN: 87-1558137); ER of Texas Uptown, LLC (EIN: 87-1651640); MedOPs Staffing, LLC (EIN: 83-4637945); and PERT, PLLC (EIN: 85-3330746).  The mailing address of the debtors is 2800 Little Elm Parkway, Little Elm, Texas 75068.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

SCF RC Funding IV, LLC (the "<u>Landlord</u>"), by and through its undersigned counsel, hereby moves this Court for an order against ER of Texas Hurst, LLC compelling the payment of all post-petition rent due and owing under the Lease (defined below), pursuant to Section 365(d)(3) of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>")[2] and directing the immediate payment of Landlord's administrative expense claim pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1) (the "<u>Motion</u>").

## BACKGROUND

1. On February 10, 2026 (the "<u>Petition Date</u>"), Debtor ER of Texas Hurst, LLC ("<u>Debtor</u>") along with eleven (11) affiliated entities filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Court</u>"), commencing case number 26-40611-mxm11 (the "<u>Chapter 11 Case</u>").

2. Debtor continues to operate its business and manage its properties as debtor and debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Case.

3. Debtor is the tenant under the Lease Agreement, with an effective date on May 7, 2018 (the "<u>Lease</u>") for the nonresidential real property at 824 Airport Freeway, Hurst, Texas (the "<u>Premises</u>"). The Lease is an unexpired lease.

4. Among other things, the Lease requires that Tenant pay Base Rental (as defined in the Lease) on or before the first day of the month. Lease, §5.01.

---

[2]  Unless otherwise specified, all statutory references to a "Section" are to the Bankruptcy Code.

5.      The Lease provides that any assignment does not relieve Tenant of its obligations thereunder absent Landlord's express consent. Lease §15.02.

6.      Prior to the Petition Date, Debtor failed to pay the Base Monthly Rent (as defined in the Lease) due by February 1, 2026 under the Lease in the amount of $28,228.05 and have not cured this default.

7.      Following the Petition Date, Debtor failed to pay post-petition rent, including prorated rent for the period February 10, 2026 through February 28, 2026 in the amount of $19,154.75("Stub Rent"), Base Monthly Rent due on March 1 2026 in the amount of $28,228.05 ("Accrued Rent"), and Base Monthly Rent dur April 1, 2026 in the amount of $28,228.05, totaling $75,610.85 (Stub Rent and Accrued Rent collectively herein, the  "Post-Petition Rent").

**RELIEF REQUESTED**

8.      By this Motion, Landlord respectfully requests the entry of an order by this Court compelling the immediate payment of the Post-Petition Rent due and owing under the Lease, pursuant to Section 365(d)(3) of Bankruptcy Code as well as the immediate allowance and payment of Stub Rent pursuant to Section 503(b)(1), in the aggregate sum of $47,382.80. Landlord should also be awarded its attorneys' fees, which are estimated to be at least $10,000.00 in connection with this Motion and compelling the payment of post-petition lease obligations, as authorized by the terms of the parties' Lease.

**LEGAL ARGUMENT**

**I.      LANDLORD IS ENTITLED TO THE IMMEDIATE PAYMENT OF POST-PETITION RENT PURSUANT TO § 365(D)(3) OF THE BANKRUPTCY CODE.**

**A.      Section 365(d)(3) Requires Debtor to Perform Its Obligations Under the Lease**

9.      The Bankruptcy Code affords lessors of nonresidential real property specific

protections with regard to post-petition, pre-rejection rental obligations. Bankruptcy Code section

365(d)(3) provides, in pertinent part, as follows:

> The trustee ***shall*** timely perform all of the obligations of the debtor, except
> those specified in section 365(b)(2), arising from and after the order for
> relief under any unexpired lease of nonresidential real property, until such
> lease is assumed or rejected, notwithstanding section 503(b)(1) if this title.

The plain language of Section 365(d)(3) and applicable case law requires Debtor's immediate

payment of the post-petition, pre-rejection obligations under the Lease. "The clear and express

intent of § 365(d)(3) is to require the trustee to perform the lease in accordance with its terms."

*CenterPoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding*

*Corp.)*, 268 F.3d 205, 209 (3rd Cir. 2001); *see also Augusta Mall P'ship v. Twigland Fashions,*

*Inc. (In re Twigland Fashions)*, 198 B.R. 199, 200 (W.D. Tex. 1996), citing *In re Pac.-Atl. Trading*

*Co.*, 27 F.3d 401, 404 (9th Cir. 1994) ("The plain and unconditional language of the statute

demands that a trustee promptly pay the full amount of rent due under a nonresidential real property

lease during the 60-day [now 120-day] period pending assumption or rejection [of the lease]."); *In*

*re Appletree Markets, Inc.*, 139 B.R. 417, 421 (Bankr. S.D. Tex. 1992) ("The plain language of

the statute is clear. Section 365(d)(3) provides for timely performance of all obligations of the

debtor from and after the order for relief."); *In re Mr. Gatti's, Inc.*, 164 B.R. 929, 933 (Bankr.

W.D. Tex. 1994). "The plain language of § 365(d)(3) is clear: the debtor-tenant must fully and

timely perform its obligations under the lease." "Both the text and the intent of §365(d)(3) are

clear: commercial real property lessees must continue to perform after filing for bankruptcy." *In re CEC Entm't, Inc.*, 625 B.R. 344, 352 (Bankr. S.D. Tex. 2020).[3]

10.    "Unlike other creditors who could simply choose to stop doing business with the debtor post-petition, landlords were stuck with the debtor while it decided whether to assume or reject the lease, during which time the debtor was not paying rent and the landlord could not re-let the space." *In re Imperial Beverage Group, LLC*, 457 B.R. 490, 497 (Bankr. N.D. Tex. 2011). Congress specifically chose to protect real property lessors because "[u]nlike other creditors who could simply choose to stop doing business with the debtor post-petition, landlords were stuck with the debtor while it decided whether to assume or reject the lease, during which time the debtor was not paying rent and the landlord could not re-let the space." *Id.* Thus, the clear intent of intent of Section 365(d)(3) is "to assure that landlords not be compelled to furnish current services without being compensated on a current basis." *In re Food City, Inc.*, 95 B.R. 451, 455 (Bankr. W.D. Tex. 1988).

11.    Accordingly, Section 365(d)(3) requires a debtor to pay lease obligations as they come due, thereby balancing the debtor's decision to retain the leasehold, and the captive landlord's inability to evict the debtor during the Section 365(d)(4) period. *See Montgomery Ward*, 268 F.3d at 209 (holding that Congress, in adopting § 365(d)(3), intended a debtor to perform all leasehold obligations as they came due); *El Paso Props. Corp. v. Gonzalez (In re Furr's Supermarkets, Inc.)*, 283 B.R. 60, 69 (B.A.P. 10th Cir. 2002).

---

[3]    "No notice or hearing is required, the [lease] obligations are simply required to be met in a timely fashion." *In re C.Q., LLC*, 343 B.R. 915, 917 (Bankr. W.D. Wisc. 2005). *Accord, In re Valley Media, Inc.*, 290 B.R. 73, 77 (Bankr. D. Del. 2003) (In rejecting argument that a landlord must file a request for payment of an administrative expense claim for unpaid post-petition rent, the bankruptcy court concluded: "There is no suggestion of any such filing requirement in § 365(d)(3). Indeed, just the opposite is suggested. The timely payment of the obligation is dictated by statute.")

12.     Contrary to Bankruptcy Code section 365(d)(3) and applicable case law, Landlord is plainly not receiving "current payment" for the "current services" which it is being compelled to provide pending Debtor's decision to assume or reject a particular real property lease. Since the Petition Date, Debtor has made zero payments of the Base Monthly Rental due under the Lease.

13.     As a result, the Debtor must timely perform all post-petition obligations owing and due under the Lease, including the timely payment of the Post-Petition Rent. There is no need for a hearing to determine whether the amount of money owed under the terms of a lease is reasonable, the Debtor's obligation to make payment is as of the time the rent obligation accrues, and not at the time, other administrative expenses are paid pursuant to a Chapter 11 plan. *See, e.g., In re Barrister of Del., Ltd.*, 49 B.R. 446, 447 (Bankr. D. Del. 1985); *Norritech v. Geonex Corp.*, 204 B.R. 684 (D. Md. 1997); *In re Pac.-Atl. Trading Co.*, 27 F.3d 401, 403 (9th Cir. 1994); *In re Rich's Dept. Stores, Inc.*, 209 B.R. 810 (Bankr. D. Mass. 1997); *In re Amber's Stores, Inc.*, 193 B.R. 819 (Bankr. N.D. Tex. 1996).

14.     It is also well established that "counterparties are entitled to an administrative claim when obligations under § 365(d)(5) are not performed*." In re Erin Energy Corp.*, No. 18-32106, 2024 WL 3616731, at *4 (Bankr. S.D. Tex. July 31, 2024) (citing *In re Bella Logistics LLC*, 583 B.R. 674, 677–82 (Bankr. W.D. Tex. 2018). As a result, "a lessor has an administrative expense claim for unpaid post-petition lease obligations that occur before the lease is rejected, either by the trustee, or due to the time limitations of § 365(d)(4), and a landlord need not establish its claim for administrative status under Section 503(b)(1)(A)." *Amber's Stores*, *supra*, 193 B.R. at 825. Hence, "[i]n order to qualify as an 'actual and necessary cost under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions

taken by the Trustee that benefitted the estate." *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001) (internal citation omitted).

15.     However, merely declaring the rent to be an administrative expense is insufficient in that administrative expenses ordinarily do not have to be paid until the end of a case. *See In re Stone Barn Manhattan, LLC*, 398 B.R. 359 (Bankr. S.D.N.Y. 2008). Requiring Landlord to wait for the payment of Stub Rent and Accrued Rent would be inconsistent with the reasons for the enactment of Section 365(d)(3).

16.     Simply put, Debtor's rent obligations to Landlord have not changed merely "by happenstance of bankruptcy." This Court should not allow Debtor to take advantage of the Landlord's Lease while Debtor stands idly by, failing to pay Post-Petition rent pending the assumption of the lease.

17.     To avoid such a result, many courts "have found § 503(b)(1) to be superseded by § 365(d)(3); to hold otherwise would flout the intent of Congress in that the landlord would still be forced to provide current services while awaiting an evidentiary hearing to determine the actual amount the debtor owed it." *Stone Barn Manhattan*, *supra*, 398 B.R. at 362 (citing *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. 292, 397 (Bankr. S.D.N.Y. 2001); *In re Wingspread Corp.*, 116 B.R. 915, 926 (Bankr. S.D.N.Y. 1990).

18.     There is no dispute that the Debtor has not complied with Section 365(d)(3), and that it has failed to pay the Landlord the Post-Petition Rent that is due and owing on a current basis under the Lease. This is the involuntary creditor situation that Section 365(d)(3) was intended to prevent. Landlord respectfully requests an order compelling the Debtor not only to make immediate payment of the post-petition rental obligations representing the Post-Petition Rent, that is presently due and owing to Landlord, but also to make all future post-petition rental obligations

that will become due and owing to the Landlord, pursuant to Section 365(d)(3) through the date of any assumption or rejection of the Lease.

     **B.**     **Landlord is Entitled To Recover Late Fees and Interest, and Attorneys' Fees Incurred In Connection With This Motion.**

19.     Additionally, pursuant to the Lease, Landlord is entitled to payment for any late charges and interest that has accrued in addition to its attorneys' fees it has incurred (and will continue to incur) in connection with this Motion. Lease, §§5.06, 18.07.

20.     The Lease provides for a late charge of 5% for any delinquent payment and a default rate interest at the maximum legal rate if "[a]ny payment of a Monetary Obligation which is not paid to Landlord by Tenant on or prior to the date such payment is due…" Lease, §5.06.

21.     The Lease also provides the Landlord with a right to payment of attorney's fees when it becomes necessary to take legal action in connection with the Debtor's default or breach. Lease, § 18.07. Courts often enforce a landlord's contractual right to collect attorney's fees under the circumstances that led to the filing of this Motion. *See, e.g.*, *Travelers Cas. & Su. Co. of Am. V. Pacific Gas and El Co.*, 549 U.S. 443, 448–49 (2007). (holding that a party is entitled to be reimbursed for its attorneys' fees when there exists an "enforceable contract allowing attorneys' fees"); *In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001) (holding that when lessors commence legal proceedings to enforce their rights under leases, within the meaning of attorney's fees clauses in leases, lessors were entitled to be compensated for legal fees which they reasonably incurred in prosecuting their objections); *In re Beltway Medical, Inc.*, 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) ("Where the trustee or debtor-in-possession fails to perform the primary obligation under the lease (i.e. to pay rent), and the landlord incurs the legal fees seeking to obtain payment, it follows that the attorney's fees, if authorized under the lease and linked to the enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation.").

22.     Accordingly, the Post-Petition Rent is required to be paid pursuant to Section 365(d)(3), and Landlord respectfully requests an order compelling the Debtor to immediately pay the Post-Petition Rent, plus interest, late charges and attorney's fees as provided for in the Lease associated with preparing and prosecuting this Motion. These attorneys' fees are estimated to be in approximately $5,000.00 and will only increase through the hearing on this Motion.

**C.     Landlord Is Entitled To Adequate Protection in the Form of Immediate Payment**

23.     Real property lessors are entitled to seek adequate protection. *See, e.g., Memphis-Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 783 F.2d 1283, 1286-87 (5th Cir. 1986) (recognizing landlord's right to adequate protection); *P.J. Clarke's Restaurant*, *supra*, 265 B.R. at 404 (noting that a "landlord's right to adequate protection seems to follow clearly from the language of §363(e) . . . ."); *In re Ernst Home Ctr., Inc.*, 209 B.R. 955, 966 (Bankr. W.D. Wash. 1997) (real property lessors have the right to request adequate protection). Moreover, Section 363(p)(1) places the burden of proving adequate protection on the Debtor.[4] Bankruptcy Code section 363(e) provides, in pertinent part, that:

> [A]t any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

24.     Critically, the allowance of an administrative priority claim for unpaid post-petition rent and charges ***cannot constitute adequate protection*** under the plain language of Section 361(3). 11 U.S.C. § 361(3) ("When adequate protection is required under section 362, 363, or 364

---

[4]"In any hearing under this section – (1) the trustee [or debtor-in-possession] has the burden of proof on the issue of adequate protection . . . ." 11 U.S.C. § 363(p)(1).

of this title of an interest of an entity in property, such adequate protection may be provided by granting such other relief, ***other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense*** . . . ." (emphasis added)).

25. Under the circumstances, the only form of adequate protection that would even approach acceptability would be timely cash payments equal to the amount of rent and charges accruing under the Lease for the use of the Premises between the Petition Date and prior to the effective date of any assumption or rejection. This Court should order Debtor to make timely cash payments of accruing post-petition, pre-rejection rent and charges, providing for expedited relief in the event timely payments are not made as required by Bankruptcy Code section 365(d)(3). Moreover, the Debtor's Cash Collateral budget provides for rent payments.

**D. Landlord Is Entitled To An Allowed Administrative Expense Claim For Post-Petition Rent, including the Stub Rent, Under 11 U.S.C. § 503(b)(1).**

26. To the extent the Accrued Rent remains unpaid following a hearing on the merits of this Motion as a result of the Debtor's inability or refusal to comply with any payment order entered by this Court, Landlord respectfully requests that it be granted an allowed administrative priority claim for the Post-Petition Rent, in the total amount of $47,382.80 plus default interest, late fees, and attorneys' fees, to be paid immediately upon funds becoming available to the estate to pay such claim.

27. Debtor has sought authority to use cash collateral and to pay certain pre-petition claims of "critical vendors" and secured while failing to pay post-petition rent owed to the Landlord, underscoring the risk that Landlord's administrative claim may not be timely satisfied.

28. The Stub Rent, in addition to the Accrued Rent, constitutes an allowable administrative expense pursuant to 11 U.S.C. § 503(b), which provides, in relevant part:

> After notice and a hearing, there shall be allowed administrative expenses . . .
> including -- (1)(A) the actual, necessary costs and expenses of preserving the estate

. . . .

11 U.S.C. § 503(b)(1)(A). *See also In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 609 (Bankr. D. Del. 2008).

29.     "The amount of the claim is the fair market value of the premises, and that value is presumed to be the rent due under the lease unless evidence is presented to the contrary." *Goody's*, 392 B.R. at 607. *See also In Re Garden Ridge Corp.*, 321 B.R. 669, 676-77 (Bankr. D. Del. 2005); *In re DVI, Inc.*, 308 B.R. 703, 708 (Bankr. D. Del. 2004); *In re ZB Co., Inc.*, 302 B.R. 316, 319 (Bankr. D. Del. 2002); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002). Thus, "the fair market rental value, in turn, "sets the applicable rate of administrative expense recovery in the post-rejection period." *Home Interiors & Gifts, Inc.*, No. 08–31961, 2008 WL 4772102, at *11 (Bankr. N.D. Tex. Oct. 9, 2008) (citing DVI, *supra*, 308 B.R. at 708).

30.     Here, the Landlord is entitled to an allowed claim in the amount of the Post-Petition Rent—the Stub Rent as well as the Accrued Rent—as an administrative expense claim pursuant to sections 503(b)(1)(A) of the Bankruptcy Code.

31.     Landlord also respectfully requests that the Post-Petition Rent be paid immediately. It is well-settled that the decision whether to order immediate payment of Section 503(b)(1) administrative claims is within the sound discretion of the Court. *See, e.g., In re HQ Global Holdings*, 282 B.R. at 173 (internal citations omitted); *In re UTEX Comm. Corp.*, 457 B.R. 459, 567 (Bankr. W.D. Tex. 2011) (recognizing that "the time of payment of administrative expenses is within the discretion of the bankruptcy court."). As the court explained in determining the timing of the payment of an administrative expense claim in *Global Holdings*, "one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to the debtor's assets." *Global Holdings*, 282 B.R. at 173; *see also Garden Ridge*, 321 B.R. at 677 ("In determining the time of [an administrative expense] payment,

courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors.").

## **CONCLUSION**

32. Landlord respectfully requests the entry of an order, (A) directing the Debtor to (i) pay all outstanding post-petition rent and obligations owing under the Lease, including Stub Rent as an administrative expense within three business days of entry of such order, (ii) perform all post-petition obligations under the Lease going forward unless and until the Lease is rejected and the Premises surrendered, (iii) award to Landlord their reasonable attorneys' fees and costs incurred to enforce their rights under the Lease and the Bankruptcy Code; and (iv) and award Landlord an administrative expense claim for Post-Petition Rent and direct immediate payment thereof; and grant such further relief as is just and proper.

Dated: April 2, 2026          Respectfully submitted,

*/s/ Joel F. Newell*
Craig Solomon Ganz, Esquire
Joel F. Newell, Esquire
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004
Telephone: 602.798.5400
Facsimile: 602.798.5595
E-mail: ganzc@ballardspahr.com
       newellj@ballardspahr.com

*Counsel for Landlord SCF RC Funding IV, LLC*

## **CERTIFICATE OF CONFERENCE**

As required by Local Bankruptcy Rule 9007-1, the undersigned certifies that I informed Debtor's counsel of the unpaid rent on March 25, 2026. Further, on March 30, 2026, I informed Debtor's counsel of the forthcoming Motion and proposed dates and times to confer related to the same. On information and belief, the Debtor still occupies and conducts business as the subject Premise, and it is unknown what Debtor's position or response may be to the relief requested herein.

*/s/ Joel F. Newell*
Joel F. Newell

13

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on April 2, 2026 by first class U.S. Mail or by the Court's ECF noticing system on (i) the Debtors' counsel, (ii) the United States Trustee; (iii) all parties requesting notice under L.B.R. 2002-1(j), as required under L.B.R. 4001-1; (iv) any entity required to be served by any applicable Bankruptcy Rule.

*/s/ Joel F. Newell*
Joel F. Newell