UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| In re: | § | |
|---|---|---|
| | § | |
| ER OF TEXAS, LLC; | § | Case No. 26-40606 |
| ER OF TEXAS COLLEYVILLE, LLC; | § | Case No. 26-40608 |
| ER OF TEXAS FRISCO, LLC; | § | Case No. 26-40609 |
| ER OF TEXAS HIGHLAND VILLAGE, LLC; | § | Case No. 26-40611 |
| ER OF TEXAS HILLCREST LLC; | § | Case No. 26-40612 |
| ER OF TEXAS HURST, LLC; | § | Case No. 26-40613 |
| ER OF TEXAS LITTLE ELM, LLC; | § | Case No. 26-40614 |
| ER OF TEXAS TEXOMA, LLC; | § | Case No. 26-40615 |
| ER OF TEXAS UPTOWN, LLC; | § | Case No. 26-40616 |
| MEDOPS STAFFING LLC; AND | § | Case No. 26-40617 |
| PERT, PLLC, [1] | § | Case No. 26-40618 |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | (Joint Administration Requested) |

---

[1] The debtors and debtors in possession are ER of Texas, LLC (EIN: 85-1751319); ER of Texas Colleyville, LLC (EIN: 87-1585575); ER of Texas Frisco, LLC (EIN: 85-1820777); ER of Texas Highland Village, LLC (EIN: 85-1794491); ER of Texas Hillcrest LLC (EIN: 87-1552062); ER of Texas Hurst, LLC (EIN: 87-1558323); ER of Texas Little Elm, LLC (EIN: 85-1778208); ER of Texas Texoma, LLC (EIN: 87-1558137); ER of Texas Uptown, LLC (EIN: 87-1651640); MedOPs Staffing, LLC (EIN: 83-4637945); and PERT, PLLC (EIN: 85-3330746). The mailing address of the debtors is 2800 Little Elm Parkway, Little Elm, Texas 75068.

**THIRD INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of ER of Texas, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") for entry interim and final orders, including this Third Interim Order (this "Third Interim Order") (i) authorizing the Debtors to use Cash Collateral in accordance with the Budget, (ii) granting adequate protection to the Prepetition Secured Parties, (iii) scheduling a Final Hearing on the relief requested in the Motion, and (iv) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion and the third interim hearing thereon has been given in accordance with the Bankruptcy Rules; and the third interim hearing having been held; and upon the record of the third interim hearing and all of the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. **Petition Date**. On February 10, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B. Interim Hearing. On February 12, 2026, the Court held an interim hearing on the Motion, at which the Court considered the testimony of Ron Walraven, among other things. On February 13, 2026, the Court entered its Interim Order Authorizing Use of Cash Collateral

Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties, and (III) Granting Related Relief [ECF No. 43] (the "First Interim Order").

C. **Debtors in Possession**. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

D. **Prepetition Secured Parties**. Encore Bank, N.A. ("Encore" or the "Senior Secured Lender"), Newtek Business Services Holdco 6, Inc. ("Newtek"), and certain merchant cash advance providers and other financiers (collectively, the "MCA Lenders," and together with Encore and Newtek, the "Prepetition Secured Parties") have asserted security interests in certain assets of the Debtors.

E. **Senior Secured Lender Priority**. Based on the record before the Court, Encore asserts valid, perfected, first-priority security interests in and liens upon substantially all of the Debtors' assets, including accounts, accounts receivable, deposit accounts, inventory, equipment, general intangibles, and proceeds thereof (collectively, the "Encore Collateral"), pursuant to that certain Amended and Restated Loan Agreement, dated as of October 21, 2024, and related loan documents (collectively, the "Encore Loan Documents").

F. **Junior Secured Parties**. Newtek has contractually subordinated its security interest to Encore's security interests pursuant to the Newtek Commercial Security Agreement, dated as of March 25, 2025. The MCA Lenders' security interests, to the extent valid and perfected, are junior to Encore's and Newtek's security interests based on filing dates and applicable law.

G.      **Cash Collateral**. The Debtors' cash, including cash proceeds of accounts receivable arising from services rendered prior to the Petition Date, constitutes "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code (the "Cash Collateral").

H.      **Section 552**. Pursuant to section 552(a) of the Bankruptcy Code, accounts receivable arising from services rendered after the Petition Date are not subject to prepetition liens. Pursuant to section 552(b)(1) of the Bankruptcy Code, prepetition liens extend to proceeds of prepetition collateral acquired postpetition, to the extent provided by applicable security agreements and nonbankruptcy law, subject to the Court's power to order otherwise based on the equities of the case.

I.      **Need for Cash Collateral**. The Debtors have an immediate need to use the Cash Collateral to continue the operation of their businesses, preserve the going-concern value of their assets, and maximize value for all stakeholders.

J.      **Adequate Protection**. The Prepetition Secured Parties are entitled to adequate protection of their interests in the Cash Collateral and the Prepetition Collateral pursuant to sections 361, 362, and 363 of the Bankruptcy Code.

K.      **Good Faith**. The Debtors have requested the use of Cash Collateral in good faith and at arm's length.

L.      **Sufficient Notice**. Notice of the Motion and the third interim hearing thereon was sufficient under the circumstances and in compliance with Bankruptcy Rules 2002, 4001(b), and 9014.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

*Authorization to Use Cash Collateral*

1.      The Debtors are authorized to use the Cash Collateral through the earlier of (a) the effective date of a confirmed plan or other termination event, or (b) the termination of this Third

Interim Order in accordance with its terms, or (c) the occurrence of a Termination Event (as defined below) (the "Third Interim Period").

*Encore Lockbox Account*

2. The Debtors and Encore Bank, N.A. ("Encore") have stipulated and agreed, and the Court hereby finds, that the total allowed secured claim of Encore against the Debtors' estates (inclusive of all outstanding principal, accrued and unpaid interest, fees, costs, attorneys' fees, overdraft amounts, and any and all other charges arising under or related to that certain Amended and Restated Loan Agreement, dated as of October 21, 2024, and all related loan documents (collectively, the "Loan Documents")) shall be irrevocably fixed and capped at $375,000.00 (the "Allowed Encore Claim"); *provided, however*, that the parties have been unable to reach agreement with respect to an additional amount of $33,651.15 in overdrafts (the "Overdrafts"), and such Overdrafts shall remain subject to final resolution by this Court or by further agreement of the parties, with each party expressly reserving all rights, claims, defenses, and arguments with respect to the Overdraft Amounts; *provided, further*, that Encore shall have ten (10) business days from the date of entry of this Order to provide the Debtors with documentation and proof substantiating the Overdraft Amounts and any credits applied thereto, and failure to timely provide such documentation shall result in the Overdraft Reserve being released to the Debtors without further order of this Court. Upon entry of this Order, (a) the Debtors shall be authorized to close all accounts maintained at Encore, including any depository accounts, *with the exception of* the lockbox account (Account No. **4023, the "Lockbox Account") and a single revenue account (Account No. **1938, the "Revenue Account"), which shall remain open and active; (b) as of the date of entry of this Order, the balance of the Lockbox Account is $471,864.43, and Encore shall be authorized and directed to apply $375,000.00 from such funds in full and final satisfaction of the Allowed Encore Claim and, after deducting the Overdraft Reserve of

$33,651.15, shall immediately remit the remaining balance of $63,213.28 to the Debtors by wire transfer to the Debtors' debtor-in-possession account or such other account as the Debtors may designate; (c) Encore shall be authorized to reserve $33,651.15 in the Lockbox Account (the "Overdraft Reserve") pending the final resolution of the Overdraft Amounts dispute; (d) all funds received into the Lockbox Account in excess of the Overdraft Reserve shall be immediately swept to the Debtors' Revenue Account at Encore upon receipt, without delay or setoff; (e) no holds, restrictions, or delays of any kind shall be placed on funds received into, or transferred from, the Lockbox Account or the Revenue Account; and (f) the Debtors shall be authorized to redirect customer payments and receivables collections to other accounts at the Debtors' direction, including accounts maintained at financial institutions other than Encore, and Encore shall have no right to restrict, intercept, or otherwise interfere with such redirected payments.

2.      Absent further order of the Court or agreement of the parties, the Debtor is hereby authorized, but not directed, to utilize the funds in the Encore Lockbox Account (as defined in the Motion) following the entry of this Order.  Encore is hereby directed to make such funds available at the Debtor's direction.

### *Adequate Protection*

3.      As adequate protection for any diminution in the value of the Prepetition Secured Parties' respective interests in the Cash Collateral and their prepetition collateral (the "Prepetition Collateral") resulting from the Debtors' use of the Cash Collateral, the imposition of the automatic stay under section 362 of the Bankruptcy Code, or otherwise during these Chapter 11 Cases, the Prepetition Secured Parties are hereby granted the following adequate protection:

### *Adequate Protection Liens*

4.      Effective as of the Petition Date, the Prepetition Secured Parties are hereby granted valid, binding, continuing, enforceable, and perfected replacement liens (the "Adequate

Protection Liens") on all of the Debtors' assets and property, whether now existing or hereafter acquired or created, including, without limitation, all accounts, accounts receivable (including accounts receivable arising from services rendered after the Petition Date), inventory, equipment, deposit accounts, general intangibles, and all proceeds thereof (the "Adequate Protection Collateral"); provided, however, that the Adequate Protection Liens shall not attach to causes of action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof.

5.      The Adequate Protection Liens shall be junior only to (i) the Carve-Out (as defined below), (ii) any valid, perfected, and enforceable liens existing as of the Petition Date that are senior to the liens of the applicable Prepetition Secured Party under applicable nonbankruptcy law, and (iii) any liens permitted under this Third Interim Order.

6.      The Adequate Protection Liens granted to each Prepetition Secured Party shall maintain the same relative priority as existed among the Prepetition Secured Parties as of the Petition Date.

*Superpriority Administrative Expense Claims*

7.      To the extent of any diminution in the value of the Prepetition Secured Parties' respective interests in the Cash Collateral and the Prepetition Collateral during these Chapter 11 Cases, each Prepetition Secured Party is hereby granted an allowed superpriority administrative expense claim (collectively, the "Adequate Protection Claims") against the Debtors' estates, pursuant to section 507(b) of the Bankruptcy Code, with priority over all other administrative expense claims against the Debtors' estates under section 503(b) or 507(b) of the Bankruptcy Code.

8.      The Adequate Protection Claims shall maintain the same relative priority as existed among the Prepetition Secured Parties as of the Petition Date.

*Professional Fees*

9.      The Debtors shall pay, in accordance with the Budget, the reasonable and documented fees, costs, and expenses of counsel to the Senior Secured Lender and counsel to Newtek incurred in connection with these Chapter 11 Cases, upon receipt of invoices therefor.

10.      Counsel to the Senior Secured Lender and counsel to Newtek shall submit invoices to the Debtors on a monthly basis. The Debtors shall have fourteen (14) days after receipt of each invoice to review and raise any objections thereto. If the Debtors do not object within such fourteen (14) day period, the invoice shall be deemed approved. If the Debtors object to any portion of an invoice, the Debtors shall promptly pay the undisputed portion and the parties shall confer in good faith to resolve any dispute. Any unresolved disputes shall be submitted to the Court for resolution.

*Postpetition Interest Payments to Newtek*

11.      In addition to the other forms of adequate protection provided herein, the Debtors are authorized and directed to pay to Newtek (or its assignee, NBL SPV II, LLC), as adequate protection, monthly adequate protection payments in the amount of $178,493.61, which amount represents the regular monthly payment under the Newtek Loan Documents and compensates Newtek for the ongoing accrual of postpetition interest at the non-default contract rate of 13.560% per annum (subject to adjustment as provided in the Newtek Loan Documents). Such payments shall be made on or before the fifth (5th) day of each calendar month, commencing on May 5, 2026, and continuing for so long as the Debtors use Newtek's cash collateral. Nothing herein shall be deemed an admission as to the validity, priority, or extent of Newtek's claims or liens, and all rights of the Debtors, any statutory committee, and other parties in interest to challenge such claims and liens are fully reserved.

*Financial Reporting*

12.     To the extent requested, the Debtors shall provide to the Senior Secured Lender

(c/o Mark A. Platt, FBT Gibbons LLP, mplatt@fbtgibbons.com) and Newtek (c/o John Paul

Stanford, Quilling, Selander, Lownds, Winslett & Moser, P.C., jstanford@qslwm.com and

counsel for other Prepetition Secured Parties:

      a)     within three (3) business days after the 15th and the last day of each month, a variance report comparing actual cash receipts and disbursements for the preceding semi-monthly period to the amounts set forth in the Budget;

      b)     copies of all monthly operating reports filed with this Court; and

      c)     such other financial information as may be reasonably requested by the Senior Secured Lender.

*Section 552 Treatment*

13.     The Adequate Protection Liens granted to the Prepetition Secured Parties on

postpetition accounts receivable and their proceeds are granted as adequate protection for

diminution in the value of the Prepetition Secured Parties' interests in their prepetition collateral,

consistent with section 552(b)(1) of the Bankruptcy Code. Nothing in this Third Interim Order

shall be deemed to expand any Prepetition Secured Party's prepetition liens beyond the scope

permitted by section 552(b)(1) of the Bankruptcy Code or to waive or limit the Court's power to

limit such liens based on the equities of the case. All rights of any party in interest with respect to

the application of section 552 of the Bankruptcy Code are reserved.

*Carve-Out*

14.     The Adequate Protection Liens and the Adequate Protection Claims shall be

subject to a carve-out (the "Carve-Out") for:

      a)     all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930;

      b)     fees and expenses of a chapter 7 trustee, if any; and

c)      allowed and unpaid professional fees and expenses of the Debtors' professionals and professionals of any official committee of unsecured creditors appointed in these cases.

## Reservation of Rights

15.     Nothing in this Third Interim Order shall be deemed to constitute:

a)      an admission by the Debtors or any other party in interest as to the validity, extent, priority, or perfection of any lien or security interest asserted by any Prepetition Secured Party;

b)      a waiver by any party in interest of any claims or causes of action that may exist against any Prepetition Secured Party; or

c)      a finding or admission that any of the claims of the Prepetition Secured Parties are or are not secured claims.

## Termination Events

16.     Unless waived in writing by the Senior Secured Lender, the occurrence of any of the following events shall constitute a "Termination Event":

a)      the Debtors fail to comply with any material term of this Third Interim Order;

b)      the Debtors' actual disbursements exceed the amounts set forth in the Budget by more than the permitted variance;

c)      any of the Chapter 11 Cases is converted to a case under chapter 7 of the Bankruptcy Code or dismissed;

d)      a trustee or examiner with expanded powers is appointed in any of the Chapter 11 Cases;

e)      any order is entered reversing, amending, supplementing, staying, vacating, or otherwise modifying this Third Interim Order without the prior written consent of the Senior Secured Lender.

17.     Upon the occurrence of a Termination Event, the Senior Secured Lender shall provide written notice thereof to the Debtors and their counsel, and the Debtors' authority to use Cash Collateral shall terminate five (5) business days after delivery of such notice unless the Termination Event is cured or waived or the Court orders otherwise.

*Perfection of Adequate Protection Liens*

18.      The Adequate Protection Liens granted pursuant to this Third Interim Order shall be deemed perfected without the necessity of the Prepetition Secured Parties taking any further action, including the filing of UCC financing statements or other documents; provided, however, that the Prepetition Secured Parties may, in their discretion, file such financing statements or other documents as they deem necessary or appropriate to perfect such liens.

*Final Hearing*

19.      A final hearing on the Motion (the "Final Hearing") is hereby scheduled for _____, 2026, at **9:30 a**.m. (prevailing Central Time). Any objections to the relief sought in the Motion on a final basis shall be filed and served no later than five (5) business days prior to the Final Hearing. The Final Hearing will be conducted as a hybrid hearing in person and via WebEx using the following information:

a)      In Person: Courtroom of Judge Mark X. Mullin, United States Bankruptcy Court, 501 W. 10th Street, Fort Worth, Texas 76102

b)      WebEx Video Participation: https://uscourts.webex.com/meet/mullin

c)      WebEx Telephonic Participation: Dial-In: 1.650.479.3207; Meeting ID: 2310-650-8783

*Binding Effect*

20.      This Third Interim Order shall be binding upon and inure to the benefit of the Debtors, the Prepetition Secured Parties, and their respective successors and assigns, including any chapter 7 trustee appointed in these Chapter 11 Cases or any successor cases.

*No Waiver*

21.      The failure of the Senior Secured Lender or Newtek to seek relief or otherwise exercise their rights and remedies under this Third Interim Order, their respective Loan Documents, or applicable law shall not constitute a waiver of any such rights and remedies.

*Immediate Effect*

22.      Notwithstanding Bankruptcy Rule 6004(h), this Third Interim Order shall be effective immediately upon its entry.

*Retention of Jurisdiction*

23.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Third Interim Order.

### END OF ORDER ###

Submitted by:

Richard G. Grant
CM LAW LLP
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

COUNSEL FOR DEBTORS IN POSSESSION

*Agreed:*


/s/ Mark Platt
Mark Platt
Counsel for Encore Bank, N.A.

## EXHIBIT C

## CASH FLOW BUDGET