Richard G. Grant
Tex. Bar No. 08302650
CM LAW, LLP
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
DEBTORS IN POSSESSION

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | |
| ER OF TEXAS, LLC, ET AL.,[1] | § | Case No. 24-40606-11 |
| | § | Chapter 11 |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

## DECLARATION OF RONNIE WALRAVEN IN SUPPORT OF DEBTORS' MOTION FOR INJUNCTIVE RELIEF UNDER 11 U.S.C. § 105(A)

I, Ronnie Walraven, hereby declare under penalty of perjury as follows:

1.      I am the Manager of ER of Texas, LLC, the lead debtor in these chapter 11 cases. I submit this declaration in support of the Debtors' Motion for Injunctive Relief Under 11 U.S.C. § 105(a) to Enjoin Creditors from Pursuing Claims Against the Debtors' Indemnified Parties (the "Motion"). Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents and records, and my discussions with the Debtors' management team and advisors. If called as a witness, I could and would testify competently to the facts set forth herein.

---

[1] The debtors and debtors in possession are ER of Texas, LLC (EIN: 85-1751319); ER of Texas Colleyville, LLC (EIN: 87-1585575); ER of Texas Frisco, LLC (EIN: 85-1820777); ER of Texas Highland Village, LLC (EIN: 85-1794491); ER of Texas Hillcrest LLC (EIN: 87-1552062); ER of Texas Hurst, LLC (EIN: 87-1558323); ER of Texas Little Elm, LLC (EIN: 85-1778208); ER of Texas Texoma, LLC (EIN: 87-1558137); ER of Texas Uptown, LLC (EIN: 87-1651640); MedOPs Staffinwg, LLC (EIN: 83-4637945); and PERT, PLLC (EIN: 85-3330746).  The mailing address of the debtors is 2800 Little Elm Parkway, Little Elm, Texas 75068.

## THE DEBTORS AND THEIR OPERATIONS

2. On February 10, 2026 (the "Petition Date"), ER of Texas, LLC and its affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses as debtors in possession.

3. The Debtors own and operate freestanding emergency room facilities across the Dallas-Fort Worth metropolitan area. These facilities provide essential emergency medical services to patients in the communities they serve. As of the Petition Date, the Debtors operate emergency room facilities in Colleyville, Frisco, Highland Village, Hillcrest (Dallas), Hurst, Little Elm, Texoma, and Uptown (Dallas), Texas.

4. I have served as the Manager of ER of Texas, LLC since its formation. In my capacity as Manager, I am responsible for overseeing the day-to-day operations of all of the Debtors' emergency room facilities, including staffing, vendor relationships, financial management, and strategic planning. I am also the primary point of contact for the Debtors' bankruptcy counsel, CM Law, LLP, in connection with these chapter 11 cases.

## THE INDEMNIFIED PARTIES

5. The following individuals (the "Indemnified Parties") are current or former managers, officers, and equity holders of the Debtors who have executed personal guarantees on various obligations of the Debtors:

a) I, Ronnie Frank Walraven, Jr., am the Manager and a one-third equity owner of ER of Texas, LLC. I have executed personal guarantees on substantially all of the Debtors' financing arrangements, including obligations to Encore Bank, Newtek Business Services Holdco 6, Inc., Forever Funding LLC, Insight Capital LLC (Riverside), Capital Two Corp., AVANZA Capital Holdings, GCAP Holdings LLC, Panthers Capital LLC, EN OD Capital LLC, Core Funding, NOVA18 Funding LLC, W Funding Group LLC, Capybara Capital LLC, Advance Servicing Inc., and HWP ERTX Investor, LLC.

b)       Brad Woy is an officer and employee of the Debtors. Mr. Woy has executed personal guarantees on certain of the Debtors' obligations, including an Entity Guaranty and Individual Guaranty in favor of HWP ERTX Investor, LLC.

c)       Phillip Michael Hawk, Jr. is a one-third equity owner of ER of Texas, LLC. Mr. Hawk has executed a personal guarantee on the Encore Bank Loan Agreement.

d)       Michele Brownfield is a one-third equity owner and the Chief Operating Officer of ER of Texas, LLC. Ms. Brownfield has executed a personal guarantee on the Encore Bank Loan Agreement.

e)       Eric Mattingly has executed a personal guarantee on the Encore Bank Loan Agreement.

## THE INDEMNIFICATION PROVISIONS

6.       The operating agreements of ER of Texas, LLC and its subsidiary entities (the "Company Agreements") contain indemnification provisions in Article 8. Under Section 8.1 of the Company Agreements, the Debtors are obligated to indemnify and hold harmless the Members, officers, and their respective agents from all claims, liabilities, expenses, damages, losses, and actions arising out of the affairs of the Company, except for conduct constituting gross negligence, willful misconduct, breach of the Company Agreements, bad faith, or criminal conduct. Under Section 8.2, the Debtors are obligated to advance expenses, including legal fees, incurred by an Indemnified Party in defending any claim. True and correct copies of the relevant Company Agreements have been provided to the Debtors' bankruptcy counsel.

7.       Attached hereto as **Exhibit B1** is a true and correct copy of the Operating Agreement of ER of Texas Colleyville, LLC, which is representative of the Company Agreements governing the other Debtor entities (the "Exemplar Agreement"). I am the custodian of the Debtors' business records, including the Exemplar Agreement, or otherwise have access to and am familiar with such records. The Exemplar Agreement is a record that: (a) was made at or near the time of the formation of ER of Texas Colleyville, LLC and the execution thereof by a person with knowledge of the matters set forth therein; (b) was kept in the course of the Debtors'

regularly conducted business activities; and (c) it was the regular practice of the Debtors'

business to make and maintain such records. The Exemplar Agreement has been maintained in

the ordinary course of business and has not been altered or modified since its execution.

### PENDING LITIGATION AGAINST THE INDEMNIFIED PARTIES

8. Multiple lawsuits have been filed against one or more of the Indemnified Parties

on account of their personal guarantees of the Debtors' obligations. Based on my personal

knowledge, my review of court filings, and information provided to me by the Indemnified

Parties and counsel, the pending actions include the following:

a) *Merchant Capital v. ER of Texas, et al.* — filed on or about November 5, 2025 in the Supreme Court of the State of New York, Rockland County, against ER of Texas, LLC, other Debtors, and Indemnified Parties, seeking to enforce obligations under pre-petition MCA Agreements.

b) *Core Funding Source LLC v. ER of Texas, LLC, et al.* — filed on or about November 5, 2025 in the Supreme Court of the State of New York, Kings County, against ER of Texas, LLC, other Debtors, and Indemnified Parties, seeking to enforce obligations under pre-petition MCA Agreements.

c) *MCA Funding Group v. ER of Texas, LLC, et al.* — filed on or about December 5, 2025 in the Supreme Court of the State of New York, Albany County, against ER of Texas, LLC, other Debtors, and Indemnified Parties, seeking to enforce obligations under pre-petition MCA Agreements.

d) *Forever Funding LLC v. Ronnie Frank Walraven Jr.*, Index No. 651550/2026 — filed on or about March 12, 2026, after the Petition Date, in the Supreme Court of the State of New York, County of New York, against me individually, asserting eight causes of action for breach of guaranty arising from four separate pre-petition merchant cash advance contracts between Forever Funding LLC and ER of Texas, LLC. The aggregate principal amounts demanded across the eight causes of action exceed $2 million.

e) *EN OD Capital v. ER of Texas LLC, et al.* — filed on or about February 17, 2026, one week after the Petition Date, in the Supreme Court of the State of New York, Kings County, Index No. 505720/2026, seeking recovery of $490,220.01 from the Debtors and one or more of the Indemnified Parties on account of guaranty obligations.

f) *Capybara Capital, LLC v. Walraven* — filed on or about March 18, 2026, after the Petition Date, in the Circuit Court in and for Palm Beach County, Florida, against

Docusign Envelope ID: 8FC7E5DA-6407-87C7-8061-A568073722B6

me individually, seeking to recover $548,408.63 arising from ER of Texas Little Elm, LLC's pre-petition MCA Agreement with Capybara Capital.

g) Multiple lawsuits or claims have been asserted against Brad Woy on account of his role as an officer and guarantor of certain of the Debtors' obligations, including matters involving Moiz Qureshi, M.D. and Simmons Bank.

h) Additional lawsuits have been filed or threatened by F&A Management, Imaging Solutions, and JC Graphic, Inc. against one or more of the Indemnified Parties on account of guarantees of the Debtors' pre-petition obligations.

i) I am also aware of additional lawsuits filed in the State of New York and Florida by various merchant cash advance lenders against one or more of the Indemnified Parties on account of personal guarantees of the Debtors' pre-petition MCA obligations.

9. The foregoing is not an exhaustive list. I believe that additional creditors may have commenced or may imminently commence similar actions against the Indemnified Parties.

10. I am aware that certain of the foregoing actions have already resulted in the entry of judgments against one or more of the Indemnified Parties. Some of these judgments were entered before the Petition Date, and I believe additional judgments may have been entered after the Petition Date.

## IMPACT ON THE DEBTORS' OPERATIONS AND REORGANIZATION

11. I am actively involved in the day-to-day operations of all of the Debtors' emergency room facilities. My responsibilities include overseeing clinical operations, managing vendor and landlord relationships, coordinating with the Debtors' medical staff, managing the Debtors' financial affairs, and working with the Debtors' bankruptcy counsel and other advisors to develop and pursue a plan of reorganization. These responsibilities require my sustained attention and focus.

12. Brad Woy and Michele Brownfield also play essential roles in the Debtors' operations. Ms. Brownfield serves as the Chief Operating Officer and is responsible for operational management across the Debtors' facilities. Mr. Woy is an officer who is involved in

Docusign Envelope ID: 8FC7E5BA-6407-87C7-8061-A568073722B6

the Debtors' business operations. The loss or significant distraction of any of these individuals would impair the Debtors' ability to operate their emergency room facilities and pursue a successful reorganization.

13. The pending lawsuits have already been a significant distraction for me and for the other Indemnified Parties. I have spent substantial time reviewing complaints, gathering documents and financial records, and communicating with counsel about these actions. This time has come directly at the expense of time I would otherwise have spent on the Debtors' operations and reorganization efforts. If these actions proceed on the merits, the Indemnified Parties will be required to produce financial records, respond to written discovery, and submit to depositions concerning the underlying obligations, the Debtors' business operations, and the Indemnified Parties' personal financial condition.

14. Several of the pending actions have been filed in the State of New York and one in Florida, far from the Debtors' operations in Texas. Defending these actions across multiple jurisdictions imposes logistical and financial burdens on me and on the other Indemnified Parties. The Indemnified Parties need legal counsel to respond to these actions and, in certain cases, response deadlines have already approached or may have passed.

15. The Indemnified Parties currently lack retained counsel to defend them in these state court proceedings. Without counsel, the Indemnified Parties face the risk of default judgments, which would increase the Debtors' indemnification exposure under the Company Agreements.

## CONTEMPORANEOUS INDEMNIFICATION MOTION

16. Contemporaneously with the Motion, the Debtors have also filed (a) a motion for expedited consideration of the Motion and (b) a motion seeking authority to honor their

indemnification obligations under the Company Agreements, including authority to retain

counsel and pay retainers from estate funds to defend the Indemnified Parties in the pending state

court actions. I am informed that the Debtors' retention of coordinated defense counsel for the

Indemnified Parties is the most cost-effective approach to defending these actions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 22, 2026

4/24/2026

Signed by:

*Ron Walraven*

/s/ Ron Walraven  —190D4E5D0D8B459...

RONNIE WALRAVEN
Manager
ER of Texas, LLC, on behalf of the Debtors

**<u>EXHIBIT B1</u>**
**<u>COLLEYVILLE COMPANY AGREEMENT</u>**