Richard G. Grant
Texas Bar No. 08302650
Michael B. Bennett
Texas Bar No. 00796196
CM LAW, LLP
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
PLAINTIFFS AND DEBTORS IN POSSESSION

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: ER OF TEXAS, LLC, ET AL., | § | Case No. 26-40606-11 |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | (Jointly Administered) |
| | § | |
| ER OF TEXAS COLLEYVILLE, LLC; ER OF TEXAS FRISCO, LLC; ER OF TEXAS HIGHLAND VILLAGE, LLC; ER OF TEXAS HILLCREST, LLC; ER OF TEXAS LITTLE ELM, LLC; and ER OF TEXAS TEXOMA, LLC, | § § § § § § | |
| | § | |
| Plaintiffs, | § | |
| | § | Adversary Proceeding |
| v. | § | No. 26-_____ |
| | § | |
| AETNA INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' VERIFIED COMPLAINT TO RECOVER UNPAID IDR
AWARDS FROM AETNA INC. PURSUANT TO 11 U.S.C. § 542(b)**

ER of Texas Colleyville, LLC, ER of Texas Frisco, LLC, ER of Texas Highland Village,

LLC, ER of Texas Hillcrest, LLC, ER of Texas Little Elm, LLC, and ER of Texas Texoma, LLC

(collectively, the "Plaintiffs" or "Debtors"), as debtors and debtors-in-possession in the above-

captioned Chapter 11 cases, file this verified adversary complaint (this "Complaint") against Aetna

Inc. ("Aetna") to recover fully adjudicated and liquidated Independent Dispute Resolution awards (the "IDR Awards") under 11 U.S.C. § 542(b). Plaintiffs and Debtors allege as follows:

## I.
## PARTIES

1.      Plaintiffs/Debtors are debtors and debtors-in-possession in chapter 11 cases pending in this Court and are the ER of Texas facility entities identified in the unpaid IDR Awards at issue in this Complaint. Each Plaintiff continues to operate its business and manage its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. As debtors-in-possession, the Debtors have the rights, powers, and duties of a trustee, including the authority to collect and recover property of the estate. 11 U.S.C. § 1107(a).

2.      Defendant Aetna is a health-care payor/administrator for services provided by Debtors and was identified as the non-prevailing party on the unpaid IDR Awards at issue in this Complaint. Aetna may be served through its registered agent for service of process CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## II.
## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O) because Debtors seek turnover of property of their bankruptcy estates. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## FACTUAL ALLEGATIONS

4.      On February 10, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the

2

United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. The cases are jointly administered under Case No. 26-40606-11.

5. Debtors operate emergency room facilities at multiple locations throughout the State of Texas. In the ordinary course of business, Debtors provide emergency medical services to patients, including patients whose benefit claims are insured or administered by Aetna under various health benefit plans.

6. As out-of-network providers, Debtors periodically have reimbursement disputes subject to the Federal Independent Dispute Resolution ("IDR") process established by the No Surprises Act, 42 U.S.C. § 300gg-111(c)(2). Under that process, each party submits its proposed payment amount to a certified IDR entity and the IDR entity selects the appropriate payment amount based on statutorily defined considerations. 42 U.S.C. § 300gg-111(c)(5). The determination is legally binding absent fraud or intentional misrepresentation, and any amount due must be paid not later than thirty (30) calendar days after notification. 42 U.S.C. § 300gg-111(c)(5)(E), (c)(6).

7. Debtors were the prevailing parties in thirteen (13) IDR determinations against Aetna, in which certified IDR entities selected Debtors' proposed payment amounts as the appropriate payment amounts. In each determination, Aetna was identified as the non-prevailing party and was required to remit payment not later than thirty (30) calendar days from the date of notification. Each determination is now months past its payment deadline and remains unpaid.

8. For example, in IDR Dispute No. DISP-1684100, the certified IDR entity determined that the out-of-network payment amount of $12,684.98 offered by ER of Texas Little Elm, LLC was the appropriate rate for the service at issue, and Aetna was the non-prevailing party. (**Exhibit A**.) Similarly, in IDR Dispute No. DISP-803647, the certified IDR entity determined that

the out-of-network payment amount of $13,026.59 offered by ER of Texas Texoma was the appropriate rate, and Aetna was again the non-prevailing party. (**Exhibit B**.)

9. The aggregate gross amount awarded by certified IDR entities across all thirteen (13) determinations totals $74,785.58. After adjustment for initial payments by Aetna and patient cost-sharing obligations, the net amount due is $35,534.13. A complete schedule of each unpaid IDR determination, organized by Debtor entity and identifying the IDR dispute identification number, the date of service, the award/determination amount, any initial payments, applicable patient cost sharing amount, and the resulting net amount due, is attached hereto as **Exhibit C**.

10. The net amount due for each Debtor, representing only the claims belonging to that Debtor's estate, is as follows:

| Plaintiff (Prevailing Party) | Case No. | Number of Claims | Net Amount Due |
|---|---|---|---|
| ER of Texas Colleyville, LLC | 26-40608 | 1 | $1,363.36 |
| ER of Texas Frisco, LLC | 26-40609 | 1 | $857.89 |
| ER of Texas Highland Village, LLC | 26-40611 | 1 | $1086.31 |
| ER of Texas Hillcrest, LLC | 26-40612 | 4 | $8,773.57 |
| ER of Texas Little Elm, LLC | 26-40614 | 4 | $13,730.69 |
| ER of Texas Texoma, LLC | 26-40615 | 2 | $9,722.31 |
| **TOTAL (All Debtors)** | | **13** | **$35,534.13** |

**IV.**
**COUNT I — TURNOVER UNDER 11 U.S.C. § 542(b)**

11. Debtors incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

4

12.     Section 542(b) of the Bankruptcy Code establishes a cause of action under bankruptcy law for payment of a debt to the estate even where such a right would arise under state law outside the bankruptcy context. *See Tow v. Park Lake Cmtys., LP (In re Royce Homes, LP)*, 578 B.R. 748, 757 (Bankr. S.D. Tex. 2017) (citing *In re: Willington Convalescent Home, Inc.*, 850 F.2d 50, 52 n.2 (2d Cir. 1988), aff'd sub nom., *Hoffman v. Conn. Dept. of Income Maint.*, 492 U.S. 96 (1989).

13.     Section 542(b) of the Bankruptcy Code provides that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee." 11 U.S.C. § 542(b). Plaintiffs and Debtors, as debtors-in-possession with the rights, powers, and duties of a trustee under 11 U.S.C. § 1107(a), are entitled to enforce this provision.

14.     The IDR Awards and related receivables constitute accounts receivable of Debtors that existed as of the Petition Date and therefore are property of Plaintiffs' respective bankruptcy estates within the meaning of 11 U.S.C. § 541(a)(1). Each IDR Award identifies the specific ER of Texas facility that was the prevailing party, and the receivable arising from that determination belongs to that facility's bankruptcy estate.

15.     Aetna owes debts to Debtors within the meaning of Section 542(b). Each IDR Award constitutes a legally binding adjudication establishing that Aetna owes the applicable Plaintiff the difference between the awarded offer amount and the sum of any initial payment and applicable patient cost sharing.

16.     The debts are fixed, liquidated, and noncontingent. The IDR Awards result from a binding federal dispute resolution process, are legally binding on both parties absent fraud or

5

intentional misrepresentation, and create fixed payment obligations with statutory payment deadlines. 42 U.S.C. § 300gg-111(c)(5)(E), (c)(6).

17. The debts are matured. Under each IDR Award, Aetna was required to pay the amounts due not later than thirty (30) calendar days from the date of notification. Every one of the thirteen (13) determinations at issue is over 150 days past its payment deadline. (Ex. C.)

18. Aetna has failed and refused to pay the net amounts due under the IDR Awards. Debtors' books and records continue to reflect those amounts as outstanding receivables owed by Aetna.

19. No valid offset defeats turnover. Based on Debtors' records and communications, Aetna has not asserted any right to offset the IDR Award amounts against any separate obligation of any Debtor, and Debtors are not aware of any mutual prepetition debt that would support setoff under 11 U.S.C. § 553.

20. Aetna has not challenged the IDR Awards based on fraud or intentional misrepresentation of material facts, and there is no pending challenge that would alter Debtors' records showing the receivables as liquidated and unpaid.

21. Because Aetna owes debts that are property of Debtors' bankruptcy estates and those debts are matured, payable on demand, or payable on order, Aetna is required under 11 U.S.C. § 542(b) to pay the unpaid IDR Award amounts to Debtors.

22. Debtors are entitled to judgment confirming the IDR Determinations and requiring Aetna to turn over and pay the unpaid IDR Determination amounts to the applicable Debtors in the aggregate net principal amount of $35,534.13, plus costs under Rule 7054(b) of the Federal Rules of Bankruptcy Procedure, and such other relief as the Court deems just and proper.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and Debtors respectfully request that the Court enter judgment in their favor and against Aetna:

(a)     confirming the IDR Awards against Aetna and ordering Aetna, pursuant to 11 U.S.C. § 542(b), to pay the applicable Debtors the unpaid IDR Award amounts in the aggregate net principal amount of $35,534.13;

(b)     declaring that the unpaid IDR Award amounts constitute property of Debtors' respective bankruptcy estates within the meaning of 11 U.S.C. § 541(a)(1);

(c)     awarding Debtors their costs and any other amounts recoverable under applicable law; and

(d)     granting such other and further relief as the Court deems just and proper.

Dated: May 28, 2026

Respectfully Submitted,

CM LAW, LLP

By:   /s/ Richard G. Grant
      Richard G. Grant
      Tex. Bar No. 08302650
      Michael B. Bennett
      Tex. Bar No. 00796196

National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
PLAINTIFFS AND DEBTORS IN
POSSESSION

7

**VERIFICATION**

I, Ron Walraven, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.　　I am over twenty-one (21) years of age, of sound mind, and capable of making this declaration. I am the Manager and Chief Executive Officer of ER of Texas, LLC, the manager of each of the Plaintiffs/Debtors named in this Complaint. I have personal knowledge of the facts stated in this Complaint, and the facts stated therein are true and correct.

2.　　Specifically, I declare that:

(a)　　The Plaintiffs/Debtors were the prevailing parties in the thirteen (13) IDR determinations identified in Exhibit C attached to this Complaint;

(b)　　The schedule of unpaid IDR Awards attached as Exhibit C accurately reflects the IDR dispute identification numbers, dates of service, award amounts, initial payments, patient cost-sharing amounts, and net amounts due as shown in the Debtors' books and records;

(c)　　The net amount due under the unpaid IDR Awards totals $35,534.13 in the aggregate;

(d)　　Each of the IDR Awards identified in Exhibit C remains unpaid as of the date of this declaration; and

(e)　　To the best of my knowledge, Aetna has not asserted any valid right of setoff or filed any challenge to the IDR Awards based on fraud or intentional misrepresentation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2026.

　　　　　　　　　　　　　　/s/ Ron Walraven
　　　　　　　　　　　　　　Ron Walraven
　　　　　　　　　　　　　　Manager and Chief Executive Officer
　　　　　　　　　　　　　　ER of Texas, LLC

8

**EXHIBIT A**

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-1684100

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1684100** and has determined that ER of Texas Little Elm LLC is the prevailing party in this dispute.

Because only one party, ER of Texas Little Elm LLC , submitted an offer and paid the corresponding fees, National Medical Reviews, Inc. has determined that the out-of-network payment amount of   $12,684.98 offered by ER of Texas Little Elm LLC is the appropriate out-of-network rate for the item or service 99285 on claim number EYFDCN51Q00/EYFDCN51Q01 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees. National Medical Reviews, Inc. did not receive an offer and/or fees from Aetna . As a result, the certified IDR entity has found in favor of ER of Texas Little Elm LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

   • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

   • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Aetna is the non-prevailing party in DISP-1684100 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to ER of Texas Little Elm LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1684100 was ER of Texas Little Elm LLC. The initiating party's NPI is 1366056194 and TIN is 851778208. The non-initiating party was Aetna. The 90-calendar day cooling off period begins on September 19, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**EXHIBIT B**

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-803647

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-803647** and has determined that ER of Texas Texoma LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$13,026.59** offered by ER of Texas Texoma LLC is the appropriate out-of-network rate for the item or service 83874 on claim number EFFC8PHP400/EFFC8PHP402 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

ER of Texas Texoma LLC submitted an offer of  $13,026.59

Aetna submitted an offer of  $3,500.64

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | |

**Final Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR

149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, ER of Texas Texoma LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's evidence supporting additional information added significant weight in reaching a payment determination. The Initiating party's information regarding prior contracted rates and good faith negotiations effort was of limited value in reaching a payment determination in this matter. The Initiating party's credible evidence of the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter. The Non-Initiating party's information regarding prior contracted rates and good faith negotiations effort was of limited value in reaching a payment determination in this matter. The Non-Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has

determined that Aetna is the non-prevailing party in DISP-803647 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to ER of Texas Texoma LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-803647 was ER of Texas Texoma LLC. The initiating party's NPI is 1992377741 and TIN is 871558137. The non-initiating party was Aetna. The 90-calendar day cooling off period begins on April 10, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**EXHIBIT C**

| Location | Dispute ID | DOS | FC | Determination Date | Determination Amount | Paid Amount | Patient Cost Sharing | Net Due |
|---|---|---|---|---|---|---|---|---|
| COLLEY VILLE | DISP-1223008 | 12/13/2023 | Aetna | 5/9/2024 | $ 4,864.00 | $ 3,500.64 | $ - | $ 1,363.36 |
| FRISCO | DISP-1207415 | 12/21/2023 | Aetna | 5/1/2024 | $ 2,985.00 | $ - | $ 2,127.11 | $ 857.89 |
| HIGHLAND VILLAGE | DISP-1688079 | 6/11/2024 | Aetna | 9/19/2024 | $ 4,777.09 | $ 3,220.28 | $ 470.50 | $ 1,086.31 |
| HILLCREST | DISP-1599972 | 5/9/2024 | Aetna | 9/16/2024 | $ 3,440.07 | $ 947.75 | $ 250.00 | $ 2,242.32 |
| HILLCREST | DISP-1661669 | 5/23/2024 | Aetna | 9/13/2024 | $ 3,139.01 | $ 1,021.84 | $ 175.91 | $ 1,941.26 |
| HILLCREST | DISP-1684231 | 5/3/2024 | Aetna | 9/18/2024 | $ 5,189.73 | $ 2,083.92 | $ 1,606.86 | $ 1,498.95 |
| HILLCREST | DISP-4505379 | 8/21/2025 | Aetna | 12/1/2025 | $ 5,404.98 | $ 1,966.84 | $ 347.10 | $ 3,091.04 |
| LITTLE ELM | DISP-1634555 | 1/29/2024 | Aetna | 9/27/2024 | $ 6,201.60 | $ 3,190.78 | $ 500.00 | $ 2,510.82 |
| LITTLE ELM | DISP-1684100 | 5/27/2024 | Aetna | 9/19/2024 | $ 12,684.98 | $ 3,046.28 | $ 644.50 | $ 8,994.20 |
| LITTLE ELM | DISP-1952066 | 7/17/2024 | Aetna | 12/3/2024 | $ 4,190.80 | $ 2,242.64 | $ - | $ 1,948.16 |
| LITTLE ELM | DISP-3483136 | 1/18/2025 | Aetna | 7/17/2025 | $ 3,808.11 | $ 3,508.11 | $ 22.49 | $ 277.51 |
| TEXOMA | DISP-803647 | 11/28/2022 | Aetna | 4/10/2024 | $ 13,026.59 | $ 6,250.79 | $ - | $ 6,775.80 |
| TEXOMA | DISP-841662 | 10/9/2023 | Aetna | 5/6/2024 | $ 5,073.62 | $ 2,027.11 | $ 100.00 | $ 2,946.51 |
| **TOTALS** | | | | | **$ 74,785.58** | | | **$ 35,534.13** |